UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE:

    SPIG INDUSTRY, LLC    :    Chapter 11
    Debtor    :    Case No. 15-70310

## APPLICATION OF THE DEBTOR PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY COPELAND LAW FIRM, P.C. AS ATTORNEY FOR THE DEBTOR

Spig Industry, LLC, as Debtor, respectfully represents:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. On March 16, 2015 (the "Commencement Date") the Debtor commenced a case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### Relief Requested

4. The Debtor has employed Copeland Law Firm, P.C. as its attorney in connection with the commencement and administration of their Chapter 11 case.

5. Pursuant to Section 327(a) of the Bankruptcy Code, the Debtor, as Debtor in Possession, requests that the Court approve the retention of Copeland Law Firm, P.C. as the Debtor's attorney, under a general retainer, to perform the extensive legal services

that will be necessary during its Chapter 11 case in accordance with Copeland Law Firm, P.C.'s normal hourly rates and disbursement policies.

6. The Debtor has selected Copeland Law Firm, P.C. as its attorney because of the firm's knowledge of the Debtor's business and financial affairs and its extensive general experience and knowledge, and in particular, its recognized expertise in the field of debtor's protections and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.

7. The Debtor believes that Copeland Law Firm, P.C. is both well qualified and able to represent it in its Chapter 11 case in a most efficient and timely manner.

8. The employment of Copeland Law Firm, P.C. under a general retainer is appropriate and necessary to enable the Debtor to execute faithfully its duties as Debtor and Debtor in Possession and to implement the restructuring and reorganization of the Debtor.

9. Subject to further Order of this Court, it is proposed that Copeland Law Firm, P.C. be employed to:

    a. take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved and the preparation and objections to claims filed against the Debtor's estate;

    b. prepare on behalf of the Debtor, as Debtor in Possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtor's estate;

c.  negotiate and prepare on behalf of the Debtor a plan of reorganization and all related documents; and

d.  perform all other necessary legal services in connection with the prosecution of this Chapter 11 case.

10. It is necessary for the Debtor to employ an attorney under a general retainer to render the foregoing professional services.

11. Copeland Law Firm, P.C. has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtor. To the best of the Debtor's knowledge, the owner and any associates of Copeland Law Firm, P.C. do not have any connection with or any interest adverse to the Debtor, its creditors or any other party in interest, or its respective attorneys and accountants, except as may be set forth in the declaration of Robert T. Copeland, a member of Copeland Law Firm, P.C. (the "Declaration"), annexed hereto as Exhibit A. Further, the Debtor and the Firm have executed an advance fee agreement, a copy of which is attached hereto as Exhibit B.

12. Copeland Law Firm, P.C. received an advance fee in the amount of Five Thousand Seven Hundred Eighty Three Dollars ($5,783.00), plus the filing fee of $1,717.00 on March 13, 2015. Of this advance fee, the sum of Five Hundred Twenty Five Dollars ($525.00) has been charged or paid for pre-petition services. The remaining funds are being held in the Firm's Trust Account for services to be performed in the preparation and administration of this Chapter 11 case.

13. The Debtor understands that Copeland Law Firm, P.C. hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code (or as otherwise

allowed by order of this Court), the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Western District of Virginia, for all services performed and expenses incurred after the Commencement Date.

14. Therefore, the Debtor and Copeland Law Firm, P.C. have agreed that Copeland Law Firm, P.C. shall be paid its customary hourly rate for services rendered that are in effect from time to time, as set forth in the Declaration, and shall be reimbursed according to Copeland Law Firm, P.C.'s customary reimbursement policies.

15. No Trustee, examiner or creditors' committee has been appointed in the Debtors' Chapter 11 case.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein, and granting the Debtor such other and further relief as is just.

Dated: March 13, 2015

                                               Managing Member
                                               Spig Industry, LLC



EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

IN RE:

| | | |
|---|---|---|
| SPIG INDUSTRY, LLC | : | Chapter 11 |
| Debtor | : | Case No. 15-70310 |

### DECLARATION OF ROBERT T. COPELAND

I, Robert T Copeland, declare that:

1. I am an attorney at law duly qualified and licensed to practice before the above-entitled court.

2. I have personal knowledge of the facts set forth below. I can testify that said facts are true and correct.

3. I am a member of Copeland Law Firm, P.C. (the "Firm").

4. Spig Industry, LLC ("Applicant" or the "Debtor") is seeking to retain the Firm by the foregoing application. I am authorized to make this declaration on behalf of the Firm.

5. The Firm and its members are experienced in matters of bankruptcy, insolvency, corporate reorganization, and debtor/creditor law, and in the representation of debtors, creditors, creditors' committees and trustees in cases under the Bankruptcy Code, and are well qualified to represent debtors, creditors, creditors' committees and trustees in such matters.

6. Neither I, the Firm, nor its members to my knowledge represent or have any connection with any creditor or other party in interest in this case, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee, except as disclosed below in paragraph 9. Neither I,

the Firm, nor its members have any interest adverse to the Debtor or the estate. Further, I am not aware of facts that would lead me to conclude that the Firm is not a "disinterested person" as that term is defined by the Bankruptcy Code. I have read the foregoing application and to the best of my knowledge all the facts stated therein are true and correct.

7. Neither I, the Firm, nor its members have any pre-petition claim against Applicant. If for any reason, there may have been services rendered which may give rise to a claim against the estate prior to the time of filing, such claim is specifically waived.

8. The Firm has not in the past represented, nor does the Firm in the future plan to represent, any related Debtors or principals of the Debtor. The Firm and Counsel's connections in this case are: The principals of the Debtor are Joshua Harman, Christopher Harman, and Bob Ratliff. A conflicts check was performed on all of the creditors of the Debtor, as well as on all customers of the Debtor to determine if there were any disputes with any customers who might owe the Debtor money. As a result of the conflicts checks on both groups, it was determined that there were no conflicts with any creditors, that is, there were no active files for any creditor nor any clients who are customers.

9. I am informed and believe that the source of the funds transferred to the Firm as the fee advance and cost deposit in Applicant's case were funds of Applicant. The Firm advanced fee retainer and costs were paid by check, upon which check the remitter was shown to be the Debtor. Prior to the commencement of this case, Applicant provided the Firm with a fee advance in the amount of Five Thousand Seven Hundred Eighty Three Dollars ($5,783.00) and a cost deposit of $1,717.00. The firm placed those funds in the Firms' trust account on March 13, 2015, and on March 16,

2

2015 paid the debtor's filing fee of $1,717.00 from those funds. If requested, a detailed statement of pre-petition services will be provided. Of said funds, Five Thousand Two Hundred Fifty Eight Dollars ($5,258.00), the amount of the fee advance and cost deposit not exhausted, has been placed into a separate account of the Firm subject to disbursement according to the requirements of the United States Trustee. Prior to the filing of the petition, the firm received the sum of $525.00, representing paralegal time and attorney time spent in preparation of the debtor's petition and schedules. **The Firm hereby waives any and all other fees and expenses that might be outstanding for services rendered prior to commencement of Debtor's Chapter 11 case on account of any other services rendered prior to filing.**

11. The schedule of the current hourly billing rates charged for law clerks, paraprofessionals, and attorneys of the Firm is as follows: $300.00 per hour for attorneys, $75.00 per hour for paraprofessionals. A copy of the engagement letter agreement between Applicant and the Firm is attached hereto as Exhibit 1.

12. The Firm has not shared or agreed to share compensation received from the Debtor with any other entity.

13. I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements of the United States Trustee and shall comply with them.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 16, 2015

_____
Robert T. Copeland

3

Subscribed and sworn to before me this ___16th___ day of March, 2015 by Robert T. Copeland.

_____Betty R Waring_____
Notary Public

My Commission expires: ___7/31/2017___

Notary Registration No.: ___169963___

[Notary Seal: BETTY R. WARING, Notary Public, Notary #169963, COMMONWEALTH OF VIRGINIA]

4